UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. THOR WESTERLAND, Defendant. | Case No. CR07-204-MLP<br>ORDER |

This matter is before the Court on Defendant Thor Westerland's Motion to Close the Case. (Dkt. # 20). Mr. Westerland seeks to have his restitution obligation discharged and funds collected to be returned to him. (*Id.* at 1.) The government opposes the motion. (Dkt. # 24.)

In 2006, Mr. Westerland was charged with two counts of willful failure to pay child support, 18 U.S.C. § 228(a). (Dkt. # 1.) He pled guilty to one count and was sentenced to five years of probation and a criminal monetary penalty of $84,254.22 in restitution. (Dkt. ## 14-17.) The conditions of supervision included a notation that "[i]f restitution is reduced by a State Court it will take precedence." (Dkt. # 17 at 3.) The judgment further stated that the amount of restitution was "subject to adjustment by State Court order[.]" (*Id.* at 4.)

On July 20, 2026, Mr. Westerland filed the instant motion along with several exhibits. (Dkt. ## 20-21.) A "Statement of Intent to Make Settlement," signed by Mr. Westerland and Megan McGavick in November 2020, states that Ms. McGavick calculated "to date unpaid Child Support of $77,000.00" and would "accept $10,000.00 immediately payable as full and final settlement of all claims against Thor Westerland[.]" (Dkt. # 21 at 2.) Also in November 2020, Ms. McGavick signed a notice that Mr. Westerland was "discharged from any further obligation" for child support for their two children. (*Id.* at 1.) Two "Full Collection Services Closure" letters dated in November 2020 and March 2021 state that the Washington Department of Social and Health Services, Division of Child Support, would "no longer provide full child support collection services" because there was "no longer a current child support order . . . and the past-due support totals less than $500.00 or is unenforceable under Washington State law." (*Id.* at 6.) Mr. Westerland has also submitted an unsigned "Satisfaction of Judgment" form for King County Superior Court. (*Id.* at 10-11.)

The government submitted court records showing that Mr. Westerland paid $7,728.71 toward his restitution obligation through July 2026, leaving a remaining balance of $76,525.51. (Dkt. # 24, Ex. A at 3.)

When sentencing a defendant, a court must order restitution to a victim who has suffered a pecuniary loss for the full amount of that loss. 18 U.S.C. §§ 3663A(a)(1), (c)(1)(B), 3664(f)(1)(A). The "restitution order is part of a convicted defendant's criminal sentence." *United States v. Hankins*, 858 F.3d 1273, 1276 (9th Cir. 2017). "Ultimately, only the court—rather than the victim or the defendant—can impose or modify the defendant's sentence." *Id.* at 1277. Accordingly, a "restitution order cannot be modified through private settlement." *Id.* at 1276.

The Court concludes that the agreement between Mr. Westerland and Ms. McGavick does not alter the restitution obligation imposed as part of his criminal sentence. While the judgment indicates that a State Court order adjusting the child support obligation may be grounds to alter the sentence, no such order is in the record. The letters from the Division of Child Support and the unsigned judgment form are not court orders. Accordingly, the Court DENIES Mr. Westerland's motion (dkt. # 20).

Dated this 20th day of August, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge